1
2
3
4

KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
ANNE E. KEARNS (SBN: 183336) akearns@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone:    (415) 249-8330
Facsimile:    (415) 249-8333

5
6
7
8

STEPHEN M. GAFFIGAN (*Pro Hac Vice*) stephen@smgpa.net
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821

9

Attorneys for Plaintiff CHANEL, INC.

10
11
12

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20

| | | |
|---|---|---|
| CHANEL, INC., | ) | Case No. CV-09-5593 JW |
| | ) | |
| Plaintiff, | ) | [PROPOSED] ORDER RE: |
| | ) | PLAINTIFF'S MOTION FOR |
| v. | ) | ORDER TO SHOW CAUSE WHY |
| | ) | DEFENDANT ZHOU GUODONG |
| ZHOU GUODONG, *et al*, | ) | SHOULD NOT BE HELD IN CIVIL |
| | ) | CONTEMPT AND SANCTIONED |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

21
22
23
24
25
26
27

        THIS CAUSE came before the Court upon Plaintiff, Chanel, Inc.'s, ("Chanel" or "Plaintiff")

Motion for Order to Show Cause Why the Defendant Zhou Guodong ("Guodong" or "Defendant")

Should Not be Held in Civil Contempt and Sanctioned.  On May 7, 2010, this Court entered Final

Default Judgment against Defendant Zhou Guodong and in favor of Plaintiff and issued a Permanent

Injunction prohibiting Defendant Zhou Guodong from committing further acts of infringement and

unfair competition against Plaintiff.  (See Final Default Judgment and Permanent Injunction (e-

1

28

docket 57)). Plaintiff now seeks an Order to Show Cause why a finding of contempt and sanctions should not be entered against Defendant Zhou Guodong, for his failure to comply with the May 7, 2010 Permanent Injunction.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. Accordingly, it is:

**ADJUDGED** as follows:

I.      Plaintiff has met the standard for civil contempt in the Ninth Circuit set forth in *Labor/Community Strategy Ctr. v. Los Angeles County Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009). Specifically, Plaintiff has shown by clear and convincing evidence that Defendant violated the Court's Permanent Injunction beyond substantial compliance, not based on a good faith, reasonable interpretation of the Permanent Injunction. *See id.*; *see also* 15 U.S.C. § 1116; e-docket 57.  Therefore, Plaintiff's Motion for Order to Show Cause Why the Defendant Zhou Guodong Should Not be Held in Civil Contempt and Sanctioned is **GRANTED.**  Defendant shall file a Response with the Court on or before _____February 14_____, 2011 showing cause why he should not be held in civil contempt and sanctioned for failure to comply with the Court's prior order. Defendant's failure to show such good cause on or before **March 7, 2011 at 9:00 AM** may result in the entry of the following sanctions without further notice:

A.      The domain names set forth on Schedule "1" and "2" hereto (the "New Domains" and the "Supplemental Domains," respectively) and any other domain names demonstrated to be operated by Defendant or his agents shall be ordered immediately transferred by Defendant, his Registrars and the Registry to Plaintiff's control;

B.      Defendant shall be further enjoined from registering, owning, controlling, creating or maintaining, directly or indirectly, any additional domain names, online businesses or Internet stores.  Any domain names, online businesses or Internet stores proven by Plaintiff to be registered, created, maintained, owned

2

or controlled by Defendant, his agents, representatives, or those working in concert with Defendant in violation of this Order shall be immediately transferred by the Registrar and/or Registry to Plaintiff's control;

C.    Defendant, his respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall discontinue immediately the use of the Chanel trademarks CHANEL, ⬤, ▣, ⬤, ⬤, and J12, or any confusingly similar trademarks within domain name extensions, metatags or other markers within web site source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under the New Domains and/or the Supplemental Domains;

D.    The domain name Registrars for each of the New Domains and each of the Supplemental Domains are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for each of the New Domains and each of the Supplemental Domains;

E.    The top level domain (TLD) Registries for the New Domains and the Supplemental Domains within thirty (30) days of receipt of this Order shall, upon Chanel's request, place the New Domains and the Supplemental Domains on "hold" status and thus remove the domains from the TLD zone files maintained by the Registries which link the domain names to the IP addresses where their sites are hosted;

3

1

2

F.      Defendant shall be assessed monetary sanctions in the amount of $ To be determined by the Court.

3      II.     Beginning as of the date this Order is entered and continuing until such time as this

4   order is modified, superseded or vacated, neither Defendant, nor any other person with actual

5   knowledge of this Order, shall alter, delete, supplement or otherwise change, in whole or in part, the

6   WHOIS registrant information relating to any of the New Domains and/or any of the Supplemental

7   Domains.

8      III.    Within seven days of the date this Order is entered, the Registrars for the New

9   Domains and the Registrars for the Supplemental Domains are hereby Ordered to provide a copy of

10  this Order to Show Cause together with the papers upon which it is based to Defendant, and any

11  other owners or operators of the New Domains and/or the Supplemental Domains using the most

12  recent contact information provided to them by Defendant in connection with the registration of and

13  any other owners or operators of the New Domains and/or the Supplemental Domains.

14     IV.     Plaintiff shall immediately provide all parties and non-parties affected by this Order

15  with a copy of the Order and the Pleadings upon which it is based.

16

17  IT IS SO ORDERED.

18  DATED: February 11, 2011

19  HONORABLE JAMES WARE
    UNITED STATES CHIEF DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

4

1

**SCHEDULE "1"**
**NEW DOMAINS**

2

3    brandgiftsforlady.com
     brandhandbagssales.com
4    brandluxuryshoes.com
     brandluxurytimer.com
5    brandluxurywatch.com
     brandwatch4you.com
6    brandwatchworld.com
     buyluxurybagidea.com
7    buywatchideas.com
     classicbrandwatches.com
8    giftsoflady.com
     grabbinglady.com
9    hungerforlady.com
     huntingladybrand.com
10   huntluxu.com
11   ladybrandbags.com
     ladybrandgifts.com
12   ladybrandhandbags.com
     ladyrelicas.com
13   luxury4ladies.com
14   luxury4shoes.com
     mychanelbagstore.com
15   mychanelbagstores.com
     popchanelhandbags.com
16   worldswatches.com
     worldswatchesforsale.com
17   yeahchanel.com
     yeschanelgift.com
18   yesluxurywatches.com

19

20

21

22

23

24

25

26

27                                5

28

**SCHEDULE "2"**
**SUPPLEMENTAL DOMAINS**

brandwatches4u.com
brandwatchforyou.com
buywatchesideas.com
chanelbagsgift.com
chanelhandbagsonsale.com
classtopwatches.com
gucci2bags.com
luxbagboutique.com
luxury2shoes.com
mychanelbagestore.com
mychanelbagestores.com
mywatchesstore.com
mywatchiscool.com
watches4menandwomen.com
womenandmenwatches.com
worldswatchbrands.com
worldswatches4sale.com
worldtopwatches.com
worldwatchbrands.com
worldwatchesbrand.com
yesluxitem.com
yeswatchgifts.com

6