IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Chanel, Inc., | NO. C 09-05593 JW |
| Plaintiff, v. | **ORDER HOLDING DEFENDANT GUODONG IN CONTEMPT OF COURT** |
| Zhou Guodong, et al., | |
| Defendants. | |

On May 7, 2010, the Court entered Final Default Judgment against Defendants in favor of Plaintiff Chanel, Inc., and issued a Permanent Injunction prohibiting Defendants from, *inter alia*, selling or offering to sell counterfeit and infringing goods using Chanel trademarks. (See Docket Item No. 56.) On September 29, 2010, Plaintiff filed a Motion for Order to Show Cause Why Defendant Zhou Guodong Should not be Held in Civil Contempt and Sanctioned.[1] On January 28, 2011, the Court issued an Order directing Defendant Guodong to appear before the Court and to show cause, if any, why he should not be held in contempt for failure to adhere to the Court's May 7 Order. (See Docket Item No. 65.) On March 7, 2011, the Court conducted a hearing on the Order to Show Cause and Defendant Guodong failed to appear or otherwise communicate with the Court to provide an explanation for his failure to comply with the Court's January 28 Order.

---

[1] (hereafter, "Motion," Docket Item No. 59.) While the Court issued its Judgment and Permanent Injunction against both Defendant Zhou Guodong and Defendant Zhang Nan, Plaintiff presents evidence of contempt and moves for a contempt Order solely against Defendant Guodong. (See Motion.)

Accordingly, the Court finds Defendant Guodong in contempt of this Court for his failure to appear and for his failure to comply with its January 28 Order.

As a result of Defendant Guodong's contempt, the Court enters the following sanctions:

A. The domain names provided by Plaintiff[2] and any other domain names demonstrated to be operated by Defendant or his agents shall be ordered immediately transferred by Defendant, his Registrars and the Registry to Plaintiff's control;

B. Defendant shall be further enjoined from registering, owning, controlling, creating or maintaining, directly or indirectly, any additional domain names, online businesses or Internet stores. Any domain names, online businesses or Internet stores proven by Plaintiff to be registered, created, maintained, owned or controlled by Defendant, his agents, representatives, or those working in concert with Defendant in violation of this Order shall be immediately transferred by the Registrar and/or Registry to Plaintiff's control;

C. Defendant, his respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall discontinue immediately the use of Chanel's trademarks, or any confusingly similar trademarks within domain name extensions, metatags or

---

[2] Plaintiff lists the following domain names that Defendant Guodong has used in violation of the Court's Injunction: brandgiftsforlady.com, brandhandbagssales.com, brandluxuryshoes.com, brandluxurytimer.com, brandluxurywatch.com, brandwatch4you.com, brandwatchworld.com, buyluxurybagidea.com, buywatchideas.com, classicbrandwatches.com, giftsoflady.com, grabbinglady.com, hungerforlady.com, huntingladybrand.com, huntluxu.com, ladybrandbags.com, ladybrandgifts.com, ladybrandhandbags.com, ladyrelicas.com, luxury4ladies.com, luxury4shoes.com, mychanelbagstore.com, mychanelbagstores.com, popchanelhandbags.com, worldswatches.com, worldswatchesforsale.com, yeahchanel.com, yeschanelgift.com, yesluxurywatches.com. (Docket Item No. 65.)

Further, on January 28, 2011, Plaintiff filed supplemental evidence that included additional domain names operated by Defendant Guodong as follows: brandwatches4u.com, brandwatchforyou.com, buywatchesideas.com, chanelbagsgift.com, chanelhandbagsonsale.com, classtopwatches.com, gucci2bags.com, luxbagboutique.com, luxury2shoes.com, mychanelbagestore.com, mychanelbagestores.com, mywatchesstore.com, mywatchiscool.com, watches4menandwomen.com, womenandmenwatches.com, worldswatchbrands.com, worldswatches4sale.com, worldtopwatches.com, worldwatchbrands.com, worldwatchesbrand.com, yesluxitem.com, yeswatchgifts.com. (Docket Item No. 67.)

2

other markers within website source code, from use on any webpage (including as the title of any webpage), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under the New Domains and/or the Supplemental Domains;

D. The domain name Registrars for each of the New Domains and each of the Supplemental Domains are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for each of the New Domains and each of the Supplemental Domains;

E. The top level domain (TLD) Registries for the New Domains and the Supplemental Domains within thirty (30) days of receipt of this Order shall, upon Chanel's request, place the New Domains and the Supplemental Domains on "hold" status and thus remove the domains from the TLD zone files maintained by the Registries which link the domain names to the IP addresses where their sites are hosted.

Beginning as of the date this Order is entered and continuing until such time as this order is modified, superseded or vacated, neither Defendant, nor any other person with actual knowledge of this Order, shall alter, delete, supplement or otherwise change, in whole or in part, the WHOIS registrant information relating to any of the New Domains and/or any of the Supplemental Domains.

Within seven days of the date this Order is entered, the Registrars for the New Domains and the Registrars for the Supplemental Domains are hereby ordered to provide a copy of this Contempt Order together with the papers upon which it is based to Defendant, and any other owners or operators of the New Domains and/or the Supplemental Domains using the most recent contact information provided to them by Defendant in connection with the registration of the New Domains and/or the Supplemental Domains and any other owners or operators of the New Domains and/or the Supplemental Domains.

3

Plaintiff shall immediately provide all parties and non-parties affected by this Order with a copy of the Order and the Pleadings upon which it is based.

Dated: March 7, 2011

JAMES WARE
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anne Elizabeth Kearns akearns@kksrr.com
Kenneth E. Keller kkeller@kksrr.com
Stephen Michael Gaffigan Stephen@smgpa.net

**Dated: March 7, 2011**                                              **Richard W. Wieking, Clerk**

                                                                     **By:    /s/ JW Chambers**
                                                                             **Elizabeth Garcia**
                                                                             **Courtroom Deputy**

**United States District Court**
For the Northern District of California